# EXHIBIT A

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Wed, Dec 20, 2023
**Server Name:**                    DROP SERVICE

| Entity Served | TESLA INC |
|---|---|
| Case Number | 37202300054594CUNPCTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA, INC. D/B/A/ TESLA MOTORS,
INC., a Delaware Corporation; and DOES 1
through 100 inclusive,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSE A. CERVANTES, an Individual,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/18/2023** at 08:00:00 AM
Clerk of the Superior Court
By Sophia Felix, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hall of Justice Courthouse
330 West Broadway
San Diego CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2023-00054594-CU-NP-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph La Costa 108443        619-922-5287
1855 First Avenue, Suite 103 San Diego CA 92108

DATE:                          Clerk, by      *Sophia Felix*              , Deputy
*(Fecha)* 12/19/2023          *(Secretario)*    S. Felix              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:        330 West Broadway

MAILING ADDRESS:        330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME:        Central

PLAINTIFF(S):    JOSE A CERVANTES

DEFENDANT(S): Tesla Inc DBA Tesla Motors Inc

SHORT TITLE:    CERVANTES VS TESLA INC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2023-00054594-CU-NP-CTL |
|---|---|

Judge: Richard S. Whitney                                                                 Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                              ☐ Non-binding private arbitration

☐ Mediation (private)                                          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)            ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                              ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                                _____
Name of Plaintiff                                                          Name of Defendant

_____                                _____
Signature                                                                   Signature

_____                                _____
Name of Plaintiff's Attorney                                            Name of Defendant's Attorney

_____                                _____
Signature                                                                   Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/19/2023                                                    _____
                                                                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

1  JOSEPH C. LA COSTA, ATTORNEY AT LAW
   Joseph La Costa (CBN #108443)
2  1855 First Avenue, Suite 103
   San Diego, CA 92108
3  619-922-5287 (Office)
   619 646-8557 (msg.)
4  619-599-1020(fax)
5
6  Attorney for Plaintiff, Jose A. Cervantes

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/18/2023** at 08:00:00 AM
Clerk of the Superior Court
By Sophia Felix, Deputy Clerk

7                **SUPERIOR COURT OF CALIFORNIA**

8        **FOR THE COUNTY OF SAN DIEGO ~ HALL OF JUSTICE**

9

10  JOSE A. CERVANTES, an Individual,    | CASE NO.:  37-2023-00054694-CU-NP-CTL

11                                        | COMPLAINT FOR:

12              Plaintiff,                |
                                          | 1.    FOR VIOLATION OF THE
13                                        | CONSUMERS LEGAL REMEDIES ACT,
              VS.                         | CALIFORNIA CIVIL CODE § 1750, ET
14                                        | SEQ.;
                                          | 2.    FOR VIOLATION OF CALIFORNIA
15  TESLA, INC. D/B/A/ TESLA MOTORS,      | BUSINESS AND PROFESSIONS CODE §
                                          | 17200, ET SEQ. UNLAWFUL ACTS OR
16  INC; a Delaware Corporation; and DOES 1 | PRACTICES;
                                          | 3.    FOR VIOLATION OF CALIFORNIA
17  through 100 inclusive,                | CIVIL CODE §1791 ET SEQ.;
18                                        | 4.    FOR FAILURE TO PROMPTLY
                                          | REPURCHASE PRODUCT CAL. CIV. §
19              Defendants.               | 1793.2(d);
                                          | 5.    FOR RESCISSION AND
20                                        | RESTITUTION;
                                          | 6.    FOR RESCISSION AND
21                                        | RESTITUTION RECOVERY AGAINST
                                          | VEHICLE DEALER BOND.
22

23                                        | **DEMAND FOR JURY TRIAL**

24

25  Plaintiff, Jose A. Cervantes an individual, (Hereinafter referred as "Plaintiff) hereby alleges

26  as follows:

27

28

                        COMPLAINT
                            1

1. Plaintiff is a "Buyer" as defined in Civil Code §§2981(c) and 1791(b), a "person" as defined in 15 U.S.C. §1602 (d), Vehicle Code §470, and 12 CFR §226.2(22), and, a "consumer" as defined in 15 U.S.C. §1602 (h), and 12 CFR §226.2(11).

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is vested in this Court in that the matter is civil, Plaintiff seeks, Monetary Damages, Equitable Relief, Loss of Use of Vehicle and the amount in controversy is greater than $25,000.

3. Personal jurisdiction derives from the fact that defendants conducted business within the State of California at all times relevant herein.

4. At all relevant times herein, SELLER was a retail seller as defined in Civil Code §2981(b) and Civil Code §1791(1).

5. Defendant, TESLA, INC. D/B/A/ TESLA MOTORS, INC., conducts business, and at all times relevant herein conducted business at 4545 La Jolla Village Dr Ste C17, San Diego, CA 92122.

6. Defendant, DOES 1 and 2, (hereinafter referred to as "SURETY") and DOES 3-100 are, and an at all relevant time herein were, doing business in California, including San Diego. SURETY is, and at all relevant times herein was, the surety on SELLER's bond, in the amount of $50,000.00, which SELLER maintained, as required pursuant to Vehicle Code §11710.

7. DOES 3-100 (hereinafter jointly referred to as "SELLER") is, and at all relevant times herein was, engaged in the business of buying, repairing and re-selling used vehicles to the general public, and, taking vehicles in trade. As such, SELLER was a "Dealer" as defined in the Vehicle Code § 285, and was therefore required by Vehicle Code §11800 to be licensed by the California Department of Motor Vehicles ("DMV").

8. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 100. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the

Defendants sued as DOES 1 to 100, Plaintiff will amend this Complaint to state their true names and capacities.

9.   At all relevant times herein, SELLER was a retail seller as defined in Civil Code §2981(b) and Civil Code §1791(1).

### FACTS RELEVANT TO ALL CAUSES OF ACTION

10. On or about August 17, 2023, Plaintiff from his office in Chula Vista, California ordered a used Vehicle (2018 Tesla Model X, VIN *5YJXCBE29JF101391*) (hereinafter referred to as "Model X") from the Tesla website. Tesla advertised the vehicle using stock pictures, not actual pictures, Tesla advertised that the vehicle had a driving range of 295 miles, that it was in good operating condition, had never been in any type of accident or sustained any damage, and that it had a one year warranty.

11. Plaintiff inquired if he could see pictures before purchasing the Model X. Plaintiff was told he could not. Plaintiff was told by Tesla staff that in essence it was a blind purchase however Tesla did a thorough job in making sure their vehicles were in good working order and met the standards as advertised on their website.

12. After Plaintiff purchased the Model X he again inquired if he could see pictures of the actual vehicle given Plaintiff had paid the $500 deposit Tesla required. Plaintiff explained that he would be travelling from San Diego, California to Dallas, Texas to pick up the Model X and again Plaintiff was denied actual pictures of the vehicle.

13. On or about August 23, 2023, Plaintiff and his elderly mother flew to Dallas, Texas to pick up the Model X at Tesla's service center. Upon arrival Plaintiff inquired about issues with the Model X's Falcon Wing Door on the passenger side. Plaintiff was told the issues on the rear passenger Falcon Wing Door were associated with the "heat of the sun" and would resolve by themselves. Plaintiff was also told the Model X had never been in an accident.

14. Plaintiff explained to Tesla staff he was driving to San Diego, California and requested assurance the driving range was 295 miles as advertised on the website when

Plaintiff purchased the Model X. Plaintiff was told by Tesla staff the range was as promised on their website.

15. On the second day of driving Plaintiff discovered the actual range was not 295 miles but 261 miles when the battery was fully charged. The 261 miles are not actual highway driving range miles, they are merely "EPA" estimated mileage meaning in actuality the Model X can barely reach 200 miles of driving range. Upon further inquiry Plaintiff discovered that the battery was degraded to 87.3 kilowatts resulting in the reduced range. At no point whatsoever was Plaintiff told the actual state of the battery or true driving range. Furthermore plaintiff notice of a bad smell (vinegar, moldy) coming out from the front vents of car's air conditioning, most likely due to mold or mildew that has built up somewhere in the ventilation system, tipicaly knon as an defective HVAC.

16. The approximate 1,400 mile trip from Dallas, Texas to San Diego, California became a nightmare. Plaintiff and his elderly mother were at all times concerned they would be stranded on the road due to the vehicle's reduced driving range.

17. Based on SELLER's representations and misrepresentations as to the battery range, condition and value of the VEHICLE, Plaintiff agreed to purchase the VEHICLE, executed a Retail Installment Sales Contract (CONTRACT) and took delivery of the VEHICLE accordingly. A copy of the CONTRACT provided by SELLER is attached hereto as Exhibit 1 and fully incorporated herein.

18. All conditions precedent to Defendants' liability, and to Plaintiff' right to recover, have occurred or been waived.

19. Plaintiff did all that was required of him pursuant to the CONTRACT.

20. Sometime after the purchase of the VEHICLE, and within the road trip, Plaintiff discovered that the actual range was not 295 miles but 261 miles when the battery was fully charged. The 261 miles are not actual highway driving range miles, they are merely "EPA" estimated mileage meaning in actuality the Model X can barely reach 200 miles of driving range. Upon further inquiry Plaintiff discovered that the battery was degraded to

87.3 kilowatts resulting in the reduced range. At no point whatsoever was Plaintiff told the actual state of the battery or true driving range.

21. Plaintiff also discovered and on information and belief asserts that the Model X was in a prior automobile accident and/or sustained damage to the right front area of the vehicle including but not limited to the right front fender, bumper cover, and the area behind the right front fender.

22. Subsequent to Plaintiff purchase of the VEHICLE Plaintiff have discovered that the value of the VEHICLE is substantially diminished as a result of the true condition of the VEHICLE.

23. SELLER intended that Plaintiff rely on SELLER'S ASSERTIONS.

24. Plaintiff reasonably relied on SELLER'S ASSERTIONS.

25. SELLER was aware, or should have known, that SELLER'S ASSERTIONS were false or incorrect.

26. The condition and value of the vehicle were not as stated in SELLER'S ASSERTIONS.

27. Plaintiff have been harmed as a result of SELLER'S ASSERTIONS.

28. Plaintiff' reliance on SELLER'S ASSERTIONS was a substantial factor in the harm Plaintiff suffered.

29. SELLER's ASSERTIONS are fraudulent and misleading statements.

30. The CONTRACT is a writing.

31. Subsequently, plaintiff notice of a bad smell (vinegar, moldy) coming out from the front vents of car's air conditioning, most likely due to mold or mildew that has built up somewhere in the ventilation system, tipicaly knon as an defective HVAC.

## FIRST CAUSE OF ACTION
## FOR VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT,
## CALIFORNIA CIVIL CODE § 1750, ET SEQ.
(AGAINST SELLER, AND DOES 1 — 100, INCLUSIVE)

32. Plaintiff incorporate by reference all preceding paragraphs as though fully set forth in this cause of action.

33. Plaintiff are a "person" as defined at Civil Code § 1761(c) and a "consumer as defined at Civil Code § 1761(d).

34. SELLER, is a "person" as defined at Civil Code § 1761(c).

35. The sale of the VEHICLE to Plaintiff are a "transaction" pursuant to Civil Code §1761(e).

36. The acts and/or practices engaged in by SELLER and DOES 1-20 and alleged herein were intended to, and did, result in the sale of the vehicle at issue to Plaintiff primarily for personal, family, or household purposes, and violated and continued to violate the Consumer Legal Remedies Act ("CLRA") in at least one, or more, of the following respects:

a. Representing goods have sponsorship, approval, characteristics, ingredients, uses, or benefits which they did not have;

b. Representing goods are of a particular standard, quality, or grade if they are of another; and

c. Representing a transaction involves rights, remedies or obligations which it does not have, or which are prohibited by law.

d. Advertising good or services with intent not to sell them as advertised.

e. Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reduction.

f. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

37. SELLER violated the CLRA by any of the following, possibly including: (1) misrepresenting the VEHICLE actual range was not 295 miles but 261 miles when the battery was fully charged. Defendant's Saleseperson induce the sale and have the sales contract signed; (2) misrepresenting the safety and condition of the VEHICLE; (3) negotiating the price of the VEHICLE as a " miles range of 295" vehicle, when the vehicle did in fact had a range of 261 miles when the battery was fully charged and vehicle not being worth the agreed upon price, and/or making misleading or false statements concerning reasons of price reduction.

38. SELLER further violated the CLRA by representing that the Model X had never been in an accident or sustained damage. There is evidence that the right front fender was damaged and worked on.

39. The representations and/or omissions of material fact made by SELLER detailed above were not true.

40. At the time of the transaction, SELLER concealed, misstated, and/or omitted material facts from Plaintiff, including, but not limited to, the fact the VEHICLE actual range was not 295 miles but rather of 261 miles when the battery was fully charged.

41. Plaintiff notice of a bad smell (vinegar, moldy) coming out from the front vents of car's air conditioning, most likely due to mold or mildew that has built up somewhere in the ventilation system, tipicaly knon as an defective HVAC.

42. Regardless of its actual belief, SELLER made the representations and/or omissions of material fact without any reasonable grounds for believing them to be true.

43. SELLER failed to exercise due care in ascertaining the accuracy of the representations and/or omissions of fact made to Plaintiff, the same representations and omissions Plaintiff relied on in deciding to purchase the VEHICLE.

44. Plaintiff were unaware of the falsity of the representations and/or omissions and acted in reasonable reliance upon the truth of those representations and/or omissions and were justified in relying upon those representations and/or omissions. The false representations were material to the transaction. Plaintiff would not have purchased the VEHICLE if she had not been misled and/or knew the falsity of the representations made by SELLER.

45. As a direct and proximate result of SELLER'S misrepresentations and/or omissions of material fact, Plaintiff suffered damages, including actual, consequential and incidental damages according to proof of trial.

46. SELLER'S conduct constitutes conduct that is oppressive, fraudulent and/or malicious, an the acts of SELLER'S employees as alleged were authorized or ratified by an officer director, and/or managing agent of SELLER.

///

///

**SECOND CAUSE OF ACTION**
**FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200,**
**ET SEQ. UNLAWFUL ACTS OR PRACTICES.**
(AGAINST SELLER AND DOES 1 — 100, INCLUSIVE)

47. Plaintiff incorporate by reference all preceding paragraphs as though fully set forth in this cause of action.

48. SELLER'S acts, omissions, misrepresentations, practices, and/or non-disclosures constituted unlawful, unfair, and/or fraudulent business acts and/or practices within the meaning of California Business & Professions Code §17200, et seq.

49. Business and Professions Code §17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

50. Plaintiff suffered injury in fact and lost money as a result of SELLER'S unfair competition.

51. SELLER engaged in "unfair" and/or "unlawful" business acts and/or practices as set forth in this complaint.

52. Accordingly, SELLER violated Business and Professions Code Section 17200's proscription against engaging in an "unlawful" business and/or practice.

53. SELLER also engaged in a "fraudulent" business act and/or practice in that the representations and omissions of material fact described above have a tendency and likelihood to deceive purchasers of these vehicles.

54. SELLER also engaged in an "unfair" business act and/or practice in that the justification for selling vehicles based on the misrepresentations and omissions of material fact delineated above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers.

/ / /

/ / /

**THIRD CAUSE OF ACTION**
**FOR VIOLATION OF CALIFORNIA CIVIL CODE §1791 ET SEQ.**
(AGAINST SELLER AND DOES 1 — 100, INCLUSIVE)

55. Plaintiff incorporate by reference all preceding paragraphs as though fully set forth in this cause of action.

56. The sales transaction, pursuant to Civil Code 1791 et seq. included an express warranty in the Buyer's Guide.

57. Under the Song-Beverly Act, whenever a transaction includes an express warranty, it automatically includes the implied warranties of merchantability and of fitness. As such, the sale of the VEHICLE included the implied warranty of merchantability.

58. As such Plaintiff have been damaged according to proof to be shown at trial.

**FOURTH CAUSE OF ACTION**
**FOR FAILURE TO PROMPTLY REPURCHASE PRODUCT CAL. CIV. § 1793.2(d)**
(BY PLAINTIFF AGAINST DEFENDANT TESLA, INC. D/B/A/ TESLA MOTORS, INC AND DOES 1 TO 100)

59. Plaintiff incorporate by reference all preceding paragraphs as though fully set forth in this cause of action.

60. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as 2 required by Civil Code § I 793.2(d) and 1793.1 (a)(2). Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code§§ 1793.2(d) and 1793.1 (a)(2), and therefore brings this claim pursuant to Civil Code§ 1794.

61. Defendant does not maintain a qualified third-party dispute resolution process which substantially complied with § 1793. Despite Defendant's violation of§ 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff actual damages pursuant to Civil Code § I 794(e).

62. Plaintiff seeks civil penalties pursuant to § 1794, subdivisions ( c) and ( e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code§ 1794(t).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CAUSE OF ACTION
## FOR RESCISSION AND RESTITUTION
## BY PLAINTIFF AGAINST DEFENDANT, TESLA, INC, AND DOES 1 TO 100

63. Plaintiff incorporates by reference the allegations stated in each preceding paragraph.

64. The facts alleged in the cause of action for violation of the Consumer Legal Remedies Act entitle plaintiff to rescission and restitution pursuant to Civil Code §1689(b).

65. Plaintiff is entitled to rescission and restitution because defendants' receipt and retention of the benefits and profits from the sale of the vehicle at the expense of plaintiff is unjust. It is unjust because these benefits were conferred by defendants' fraud, plaintiff's mistake, at the defendants' request, despite a failure of consideration, and/or in violation of B&P 17200. These benefits and profits should not be retained by defendant but should be returned to plaintiff. All agreements and contracts should be rescinded.

66. Defendants engaged in the wrongful conduct described herein with malice, oppression, or fraud. Defendant, and/or defendant's officer, director or managing agent had advance knowledge of the unfitness of the persons who engaged in the wrongful conduct and employed him or her with a conscious disregard of the rights or safety of others, or authorized, or ratified the wrongful conduct, or was personally guilty of oppression, fraud, or malice.

## SIXTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT, TESLA, INC. AND DOES 1 TO 3
## RESCISSION AND RESTITUTION
## RECOVERY AGAINST VEHICLE DEALER BOND

67. Plaintiff incorporates by reference the allegations stated in each preceding paragraph.

68. DOES 1 and 2 are each the surety for dealer.

69. DOES 1 and 2 are each named herein in their capacity as a surety and as such their liability is pursuant to the statutory provisions of Vehicle Code § 11710 et seq.

70. DOES 1 and 2 are each liable to plaintiff as a result of dealer's conduct as alleged herein and which has caused harm to plaintiff in excess of $50,000.00

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general damages, incidental damages, and consequential damages, greater than $25,000.01, according to proof at trial (As to all parties, with the exception of no punitive damages requested against SURETY);

2. For pre-judgment interest at the legal rate (As to All Parties);

3. Monetary and evidentiary sanctions pursuant to 1281.99 (As to SELLER);

4. For reasonable attorney's fees and costs of suit as permitted by law or contract (including, but not limited to, Civil Code §1780(e) and Code of Civil Procedure §1021.5; (As to All Parties)

5. For reasonable attorney's fees and costs of suit as permitted by law or contract (including, but not limited to, Code of Civil Procedure section 1281.97; Code of Civil Procedure section 1281.99; Civil Code 1794 (implied warranties); (As to SELLER);

6. Prejudgment interest and for such other relief as the Court may deem proper.;

Dated on October 24, 2023                    LAW OFFICE OF JOSEPH LA COSTA

Joseph La Costa Esq
Attorney for Plaintiff

JRC



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00054594-CU-NP-CTL     CASE TITLE: Cervantes vs Tesla Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this **Alternative Dispute Resolution (ADR) Information** form (SDSC form #CIV-730),
> (2) the **Stipulation to Use Alternative Dispute Resolution (ADR)** form (SDSC form #CIV-359), _**and**_
> (3) the **Notice of Case Assignment** form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
  - In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
  - In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| Joseph La Costa 108443 JOSEPH C. LA COSTA, ATTORNEY AT LAW 1855 First Avenue, Suite 103 San Diego CA 92108 | | **ELECTRONICALLY FILED** Superior Court of California, County of San Diego |
| TELEPHONE NO.: 619-922-5287   FAX NO. (Optional): 619-599-1020 E-MAIL ADDRESS: ATTORNEY FOR (Name): Jose Cervantes | | **12/18/2023** at 08:00:00 AM Clerk of the Superior Court By Sophia Felix, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME:
Cervantes v. Tesla

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 37-2023-00054594-CU-NP-CTL JUDGE:   Judge Richard S. Whitney DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Six
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date 12-16-2023
Joseph La Costa
_(TYPE OR PRINT NAME)_                                    ▶            /s/ Joseph La Costa
                                                          _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

PLAINTIFF(S) / PETITIONER(S):    JOSE A CERVANTES

DEFENDANT(S) / RESPONDENT(S):  Tesla Inc

CERVANTES VS TESLA INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00054594-CU-NP-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney         Department: C-68

## COMPLAINT/PETITION FILED: 12/18/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/31/2024 | 10:00 am | C-68 | Richard S. Whitney |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:      330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827<br>BRANCH NAME:       Central | |

| PLAINTIFF(S):      JOSE A CERVANTES |
|---|
| DEFENDANT(S): Tesla Inc DBA Tesla Motors Inc |
| SHORT TITLE:     CERVANTES VS TESLA INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2023-00054594-CU-NP-CTL |
|---|---|

Judge: Richard S. Whitney                                    Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                               ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                     ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only):   _____

Date: _____        Date: _____

_____          _____
Name of Plaintiff                                  Name of Defendant

_____          _____
Signature                                          Signature

_____          _____
Name of Plaintiff's Attorney                       Name of Defendant's Attorney

_____          _____
Signature                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/19/2023                                  _____
                                                   JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION** | Page: 1 |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| DIVISION: Central | |
| TELEPHONE NUMBER: (619) 450-7068 | |

PLAINTIFF(S) / PETITIONER(S): JOSE A CERVANTES

DEFENDANT(S) / RESPONDENT(S). Tesla Inc

CERVANTES VS TESLA INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00054594-CU-NP-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Richard S. Whitney          Department: C-68

## COMPLAINT/PETITION FILED: 12/18/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/31/2024 | 10:00 am | C-68 | Richard S. Whitney |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

| | | |
|---|---|---|
| SDSC CIV-721 (Rev. 04-21) | **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | Page: 1 |

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 W Broadway<br>MAILING ADDRESS:  330 W Broadway<br>CITY AND ZIP CODE:  San Diego CA 92101-3827<br>BRANCH NAME:  Central | |

Short Title: Cervantes vs Tesla Inc [IMAGED]

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2023-00054594-CU-NP-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

Electronically Submitted By:      Joseph La Costa
      On Behalf of:      JOSE CERVANTES

Transaction Number:      21904287
Court Received Date:      12/16/2023

      Filed Date:      12/18/2023
      Filed Time:      08:00 AM

Fee Amount Assessed:      $435.00
Case Number:      37-2023-00054594-CU-NP-CTL

Case Title:      Cervantes vs Tesla Inc [IMAGED]
Location:      Central

Case Type:      Non-PI/PD/WD tort - Other

Case Category:      Civil - Unlimited
Jurisdictional Amount:      > 25000

| **Status** | **Documents Electronically Filed/Received** |
|---|---|
| Accepted | Complaint |
| Accepted | Original Summons |
| Accepted | Civil Case Cover Sheet |

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Conference | Management | 05/31/2024 | 10:00 AM | Central | C-68 |

**Electronic Filing Service Provider Information**

Service Provider:      OneLegal
Email:      finance@infotrack.com

---

**NOTICE OF CONFIRMATION OF FILING**

Contact Person:     InfoTrack USA LLC Support
Phone:     (844) 340-3096